## U. S. FIDELITY & GUARANTY CO v LASCOLA
## COOK v LASCOLA

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 11, 1930

Barnum, Hammond, Stephens & Hoyt, Youngstown, for Co.
W. R. Stewart, Youngstown, for Lascola.

FARR, J.

It is conceded that the obligation of the bond provides that the Receiver will obey the orders of the court and faithfully perform the conditions of his receivership. Upon the part of the plaintiff in error, the Bonding Company, it is contended that Cook did not disobey the order of the court and that he faithfully discharged his duties as Receiver, and that therefore there is no penalty to be assessed against the Bonding Company under the provisions of its obligation.

This court has already determined one proposition which was necessarily suggested here, and that is that Cook did not faithfully or properly perform his duties as Receiver. That issue is therefore **res adjudicata,** and it remains to be determined whether under all the circumstances of this case there is a liability upon the part of the Bonding Company for the amount of the over-expenditure of Cook, as Receiver.

Helpful briefs have been filed by counsel on both sides, one of which cites a number of authorities and cases but which refer principally to cases where there has been some of the funds of the trust estate embezzled or dissipated in some way in the course of administration. That is not the situation in the instant case. It is just a straight contract upon the part of Cook, as Receiver, to complete the construction of the dwelling for $29,300.00, and then he exceeded the amount without authority by the expenditure of the additional sum, the collection of which it is now sought to enforce under the obligation of the Bonding Company.

Of interest in this connectiin are some observations found in 34 CYC, 506, under the head of "Receivers":

"Extent of Liability. In General, The extent of liability of the sureties

of a receiver can only be ascertained by the terms of their bond and in accordance with the general rule. Such liability can not be extended by implication beyond the previous terms and some scope thereof. The usual contract of such sureties is to be liable for the faithful performance by the Receiver of the duties imposed upon him by order of court."

And that is the situation in the instant case, and under the sub-heading and in the notes there is a Texas case which becomes of interest. It is Weems v. Lathrop, 42 Texas, 207, where it is declared that:

"Holding that even though a receiver has no authority to do a particular act, yet if he does it, and thus puts it out of his power to faithfully discharge his duty, his sureties are liable on their bond."

There are some other paragraphs in the text of the above volume and pages of CYC to which reference is made, which are of interest but which will not now be read. One of the cases cited in Corpus Juris is that of In re The Erie Lumber Company, 150 Fed. Rep., 817, where there was an order for the expenditure of $3,000, and the seventh proposition of the syllabus states the facts which are of interest here, as follows:

"7. **Unauthorized indebtedness contract by Receivers.** Where an order appointing receivers to continue the business of a bankrupt authorized them to borrow money and incur obligations in an amount not exceeding three hundred dollars, as might thereafter be directed by the court, and the court subsequently authorized them to issue receivers' certificates to the amount of three thousand dollars, such order was notice to all dealing with the receivers that they had no authority to contract further indebtedness, and persons who thereafter sold them property on credit in excess of that amount can not have priority of their claims therefore against the estate."

That proposition of the syllabus was read only for the purpose of disclosing sufficient of the facts for a proper understanding of the discussion in the opinion of Spear, J., at page 830 of the same volume, referring to indebtedness incurred:

"These merchants, however, are not wholly without remedy. The bonds of the receivers, each in the sum of $7500.00 are on file. They are condi-

tioned for the faithful performance by the receivers of their duty; and those who have losses because these officers of the court have disregarded its orders and contracted debts in excess of the authority granted them may bring actions on these bonds to redress the wrongs. But that is not all, etc."

Again, in the case of Haines v. Buckeye Wheel Company, et al., 224 Fed., 289, the third proposition of the syllabus reads as follows:

"Where a receiver purchased goods on credit without authority the sellers could file an intervening petition in the receivership proceedings to require the receiver to pay in court the amount of their claims, notwithstanding they could maintain independent actions against the receiver and on his bond."

And there is a helpful discussion of the subject at page 297, in the opinion of the court, where it is said:

"It is possible that appellees could have brought independent suits against the receiver and the surety upon his bond (In re Lumber Company, 150 Fed., 817), but they are not confined to that remedy. They also had the undoubted right to intervene."

The part to which it is desired to call attention is that the right to hold sureties liable upon their bond under such circumstances is recognized in that case. And lastly, from 1 Clark on Receivers, New Ed., Sec. 324, in discussing subsidiary contracts of receiver and contracts without authority, the author discusses the personal liability of the receiver, and about which there is no question, but further along it is observed:

"If losses accrue to merchants or others by reason of the contracts or debts of a receiver in excess or outside of the authority of the receiver, they may bring action against the receiver and on his bond to redress such wrongs or injuries, but they are not confined to that remedy."

The cases just referred to, In Re Erie Lumber Company and Haines v. Buckeye Wheel Company, are cited as sustaining the foregoing. In the instant case that which the receiver did was just a continuation of that which he was authorized to do by the order of the Court of Common Pleas, but he exceeded his authority by exceeding the terms of his contract and the terms of the original contract of Parish Brothers with the Lascolas. If it be said

that the Bonding Company as surety is not liable under such cricumstances, it is to say, in effect, that the bond is somewhat meaningless if it covers only the faithful discharge of the Receiver's duties; that is, the things which he does properly and about which there is no question, then it would be meaningless. Surely it covers a departure from those two things, especially such as in the instant case. It certainly must contemplate some such departure. As before stated, this court determined in the former case before it that the Receiver had not faithfully discharged his duties and that he had not been obedient to the orders of the court. That matter has been adjudicated by this Court, and having reached that conclusion and the conclusion that the obligation of the bond extends to persons to whom the receiver would be liable by reason of such unauthorized acts as in the instant case.

The conclusion must be that the judgment below is right, and it is therefore affirmed. This finding determines the second case, also.

Pollock and Roberts, JJ, concur.